IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE WHITTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-4013 |
| | ) | |
| CHIME FINANCIAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, TERRENCE WHITTLER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, CHIME FINANCIAL, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq. (hereinafter, "EFTA"), the Illinois Consumer Fraud and Deceptive Business Act, 815 ILCS 505/2 et seq, and for conversion.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA 15 U.S.C. §1693m, and pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TERRENCE WHITTLER, (hereinafter, "Plaintiff" and/or "Mr. Whittler") is an individual who was at all relevant times residing in the City of Country Club Hills, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. Plaintiff had a bank account in his name with Defendant (hereinafter, "Plaintiff's Chime Account" and/or "Account").

7. At all relevant times, Plaintiff's Chime Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Chime Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. CHIME FINANCIAL, INC., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Delaware.

10. At all relevant times, Defendant was a bank that held Plaintiff's Chime Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, the transfer of money requested by Plaintiff constitutes an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

## IV. ALLEGATIONS COMMON TO ALL COUNTS

14. In December 2020, Plaintiff applied for Pandemic Unemployment Assistance (hereinafter, "PUA").

15. Through PUA and other governmental benefits, Plaintiff was entitled to receive a total payment amount of $21,108.00.

16. Shortly thereafter, Plaintiff's Chime Account was opened and the $21,108.00 was deposited in the Account.

17. Approximately $400 was spent from Plaintiff's Chime Account on personal use and household expenditures.

18. In December 2020, without notice or warning, a hold was placed on Plaintiff's Chime Account, and Plaintiff was unable to use or access the money in his Account.

19. Defendant demanded various documentation from Plaintiff to continue using his Account such as photos of his government-issued ID, photos of Plaintiff holding his government-issued ID, proof of address, and an explanation to validate the funds loaded into the Account.

20. Plaintiff provided all requested documents including a front and back photo of his government-issued ID, a photo of himself next to his government-issued ID, proof of address, an explanation that he received the money from unemployment benefits including screenshots of PUA payment history, a Form 1099G from the Illinois Department of Employment Security, and a PUA Finding letter from the Illinois Department of Employment Security.

21. On January 8, 2021, Defendant closed Plaintiff's Chime Account and refused to return the money in Plaintiff's account.

22. Plaintiff made numerous requests for the money to be returned to him or the Illinois Department of Employment Security.

23. On March 8, 2021, Defendant responded that it is "unable to disclose further information about the closure" and directed Plaintiff to "section 9 of the Chime Deposit Account Agreement".

24. In its March 8, 2021 correspondence, Defendant provided a purported link to click on to access the Chime Deposit Account Agreement.

25. The Chime Deposit Account Agreement provided to Plaintiff does not contain a section 9.

26. On March 9, 2021, Plaintiff made a final demand for the money to be transferred to a different bank account and enclosed copies of all previously requested documents.

27. Defendant returned the demand letter and enclosures back to Plaintiff and made no other response.

28. To date, Plaintiff is still without his money and Defendant has provided no explanation for placing a hold on and eventually closing Plaintiff's Chime Account.

V. **COUNT I: PLAINTIFF'S CLAIM AGAINST CHIME FOR CHIME'S VIOLATION(S) OF THE EFTA, §1693h(a)**

29. Plaintiff incorporates by reference paragraphs 14 – 28 as if set out in full herein.

30. The EFTA "protects consumers by providing a 'basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F.3d 1322, 1328 (7th Cir.1997) (quoting 15 U.S.C. ¶ 1693(b)).

31. In general, the EFTA requires banks to make electronic fund transfers in a "timely manner." *See Gale v. Hyde Park Bank,* 384 F.3d 451, 551 (7th Cir.2004).

32. Specifically, "a financial institution shall be liable to a consumer for all damages proximately caused by:"

> (1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where—
>
>> (A) the consumer's account has insufficient funds;
>>
>> (B) the funds are subject to legal process or other encumbrance restricting such transfer;
>>
>> (C) such transfer would exceed an established credit limit;
>>
>> (D) an electronic terminal has insufficient cash to complete the transaction; or
>>
>> (E) as otherwise provided in regulations of the Board.

15 U.S.C. § 1693h (a)(1)

33. Defendant confiscated Mr. Whittler's funds without his authorization and refused to make an electronic fund transfer in accordance with its terms and conditions to Mr. Whittler's other bank account or the Illinois Department of Employment Security.

34. On multiple occasions, Plaintiff provided Defendant with written notice of his request for the funds in his Account to be electronically transferred to a different bank account owned by the Plaintiff or in the alternative, back to the Illinois Department of Employment Security.

35. Mr. Whittler suffered an injury whereby he was deprived of the ability to use his money in his Account without explanation.

36. Plaintiff's final correspondence to Defendant, dated March 9, 2021, reiterated to Defendant Plaintiff's request for his funds to be electronically transferred to his other bank account.

37. At all relevant times, Plaintiff's Chime Account had sufficient funds.

38. At all relevant times, Plaintiff's Chime Account was not subject to a legal process or other encumbrance to restrict transfer.

39. At all relevant times, Plaintiff's requested transfer would not have exceeded an established credit limit.

40. At all relevant times, Defendant had access to an electronic terminal with sufficient cash to complete the transfer.

41. At all relevant times, no regulation of the Board exists that would excuse Defendant's refusal to transfer Plaintiff's money from his Chime Account.

42. The actions of Defendant caused Plaintiff to suffer from frustration, anxiety and emotional distress that manifested itself such that Plaintiff had difficulty falling to sleep and/or staying asleep, and Plaintiff suffered with chronic migraines.

WHEREFORE, Plaintiff, TERRENCE WHITTLER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);

    b. Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

    c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,

    d. Any other relief deemed appropriate by this Honorable Court.

## VI. COUNT II: VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSIENSS PRACTICES ACT

43. Plaintiff incorporates by reference paragraphs 14 – 41 as if set out in full herein.

44. Additionally, Mr. Whittler owes taxes on the PUA and other governmental benefits but has not received the funds back from Defendant despite complying with every document request from Plaintiff and making numerous requests for a transfer of the funds to either his personal bank account or the Illinois Department of Employment Security.

45. On multiple occasions, Mr. Whittler provided Defendant with written notice that he disputed the hold on his Account.

46. On multiple occasions, Mr. Whittler provided Defendant with the requested information sufficient for Defendant to identify the reason for the funds in connection to Plaintiff's Chime Account such as:

   a. Front and back photos of Plaintiff's government-issued ID;

   b. Plaintiff's social security card;

   c. Plaintiff's utility bills and bank statements for proof of address;

   d. Screenshots of Plaintiff's PUA payment summary account;

   e. Form 1099G issued by the Illinois Department of Employment Security; and

   f. PUA Finding Letter sent by the Illinois Department of Employment Security

47. In Plaintiff's final correspondence to Defendant, dated March 9, 2021, Plaintiff stated that he had never been provided with any justification by Defendant to demonstrate why a hold place was on Plaintiff's Chime Account.

48. In Plaintiff's final correspondence to Defendant, dated March 9, 2021, Plaintiff enclosed copies of all documents Defendant previously requested.

49. Defendant's conduct of freezing Plaintiff's funds, providing no explanation, providing no idea of where to locate and explanation, and refusing to return his funds to him, are deceptive and unfair business practices within the meaning of 815 ILCS 505/2.

50. The deception and unfair trade practices of Defendant occurred in the course of conduct involving trade and/or commerce.

51. Defendant's deception proximately caused Plaintiff's damages.

52. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff, TERRENCE WHITTLER, by and through his attorneys, respectfully prays for judgment as follows:

    a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

    b. Award attorneys' fees, litigation expenses and costs, and

    d. Grant other relief deemed just and appropriate.

### VII.   COUNT III: PLAINTIFF'S CLAIM AGAINST CHIME FOR CONVERSION

53. Plaintiff incorporates the preceding paragraphs by reference as if set out in full herein.

54. To prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Loman v. Freeman*, 229 Ill. 2d 104, 127 (2008).

55. Plaintiff had a right to the unimpeded use of the funds he placed in his Chime account.

56. Plaintiff had a right to the immediate possession of his funds as there were no incumbrances, liens, or civil actions against him.

57. Plaintiff made multiple demands for the return of his money.

58. Defendant refused to return said money, and as of the filing of this instant lawsuit is still in its possession.

WHEREFORE, Plaintiff, TERRENCE WHITTLER, by and through his attorneys, respectfully prays for judgment as follows:

    a.    Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

    b.    Award attorneys' fees, litigation expenses and costs, and

    d.    Grant other relief deemed just and appropriate.

Respectfully submitted,
**TERRENCE WHITTLER**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: July 28, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com